UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re

    Reenalda Golden-Collier,

        Debtor.

Chapter 13

11-20288 (PRW)

---

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION TO VACATE
## ORDER OF DISMISSAL

PAUL R. WARREN, United States Bankruptcy Judge

    Before the Court is a motion by the Debtor, Reenalda Golden-Collier ("Golden-Collier"), seeking to "reinstate" her Chapter 13 case and vacate the Court's final order of dismissal (ECF No. 100). Golden-Collier's motion requesting "reinstatement" is necessarily treated as a motion to vacate the final order of dismissal, pursuant to Rule 60(b) FRCP and Rule 9024 FRBP.[1] *See In re Ballone*, No. 10-20294, 2015 Bankr. LEXIS 372, at *5-6 (Bankr. W.D.N.Y. Feb. 5, 2015); *In re Trine*, No. 13-21520-PRW, at 6 n.1 (Bankr. W.D.N.Y. Jan. 16, 2015); *In re Lampman*, 494 B.R. 218, 222 (Bankr. M.D. Pa. 2013); *In re Cole*, 382 B.R. 20, 24-25 (Bankr. E.D.N.Y. 2008); *In re Rudolph*, No. 91-22026, at 2 (Bankr. W.D.N.Y. 1993) (Ninfo, J.). Based on the rationale underlying the Court's holdings in *In re Ballone* and *In re Trine*, Golden-Collier's motion is **DENIED**, pursuant to Rule 60(b) FRCP and Rule 9024 FRBP.[2]

---

[1]     The fourteen-day time limit for Golden-Collier to move under Rule 59 FRCP, as modified by Rule 9023 FRBP, had elapsed well in advance of the filing of the motion.

[2]     *See Ballone*, 2015 Bankr. LEXIS 372, at *5-6; *Trine*, 2015 Bankr. LEXIS at 154.

# I.

# FACTS

Golden-Collier's Chapter 13 plan was confirmed on October 5, 2011, requiring sixty monthly payments of $370.00 (ECF Nos. 11, 34). According to the Chapter 13 Trustee, Golden-Collier defaulted on plan payments three times during the course of her plan, as a result of tendering checks—returned for insufficient funds—on June 30, 2011, July 21, 2011, and March 14, 2014 (ECF No. 113 ¶¶ 4-6). Following Golden-Collier's March 14, 2014 payment default, the Trustee sent Golden-Collier a letter advising her that she was in default for a total of three plan payments, requiring a new check to be tendered within ten days, and stating that future payments should be made by money order (*Id.* ¶ 7). Golden-Collier did not cure the default, but she resumed monthly payments in April of 2014 (*Id.* ¶ 9). On August 12, 2014, the Trustee again sent Golden-Collier a delinquency letter, advising her of the uncorrected payment default and warning that a motion to dismiss would follow within ten days if the payment default remained uncured (ECF No. 85). The default remained uncured. According to the Trustee, not only did she fail to cure the existing default, Golden-Collier ceased making plan payments (ECF No. 113 ¶ 11). The Chapter 13 Trusteee moved to dismiss on August 28, 2014, serving the motion on Golden-Collier and her attorney (ECF No. 86).

A hearing on the Trustee's motion to dismiss was held on September 22, 2014, at which neither Golden-Collier nor her attorney appeared (ECF No. 92). No opposition was filed to the Trustee's motion. The motion was adjourned by the Court to October 20, 2014, to afford Golden-Collier another opportunity to respond. However, Golden-Collier did not respond or cure her default, and she continued to accrue additional plan arrears by failing to make monthly plan payments (ECF No. 113 at ¶¶ 13-14). No appearances were made by Golden-Collier or her attorney at the October 20, 2014 hearing. The Trustee pressed for dismissal, and the Court granted the Trustee's motion to dismiss

pursuant to 11 U.S.C. § 1307(c)(6) (ECF No. 93). A final order of dismissal was entered on October 24, 2014 (ECF No. 94).

Golden-Collier contacted the Chapter 13 Trustee's office on or about October 31, 2014 to dispute her payment history and the dismissal, claiming that she had made the September and October 2014 payments (ECF No. 113 ¶ 16). The Trustee advised her to submit cancelled checks showing such payments (*Id.* ¶ 17). On November 13, 2014, Golden-Collier submitted a letter to the Court explaining that her "extremely hectic travel schedule . . . caused me to miss a pile of mail . . . [that] remained stored in my vehicle" and that she did not receive notice of the motion to dismiss from her attorney because he did not represent her at the time (ECF No. 97).[3] The Clerk of Court advised Golden-Collier that the Court could not consider her *ex parte* communication and directed Golden-Collier to file a motion or an adversary proceeding—and that she would be well-advised to discuss these issues with an attorney (ECF No. 98).

On January 8, 2015, Golden-Collier filed this motion to reinstate her Chapter 13 case (ECF No. 100). She asserts that she is near the completion of her plan and "has in her account the funds to bring the matter up to date" (*Id.*). The motion does not point to Rule 60(b) FRCP, as modified by Rule 9024 FRBP, as its basis, nor does it point to any other rule, statutory provision, or precedent as its foundation. The version of the facts suggested by the motion is sharply at odds with and not supported by the docket. The Chapter 13 Trustee opposes the motion to vacate, as does the mortgage lender, SSP Capital Partners, LLC ("SSP") (ECF Nos. 113, 114).

---

[3] The Trustee served the motion to dismiss on both Golden-Collier and John Annechino, Esq., the same attorney representing her on the motion before the Court. Golden-Collier's suggestion that her attorney failed to inform her of the Trustee's motion to dismiss—in an attempt to justify her failure to appear in connection with the motion—is a hollow excuse because she was served directly by the Trustee. The Court views the statements made in the November 13, 2014 letter as lacking credibility for purposes of Rule 60(b) FRCP.

3

## II.

## ANALYSIS

Viewing Golden-Collier's request for "reinstatement" as a motion to vacate the Court's order of dismissal under Rule 60(b) FRCP, the Court must consider each of the six grounds for relief provided by Rule 60(b). *See In re Ballone*, No. 10-20294, 2015 Bankr. LEXIS 372, at *5-6 (Bankr. W.D.N.Y. Feb. 5, 2015). Golden-Collier's motion does not offer any facts that would support relief under the conditions identified in Rule 60(b)(1) through (5) FRCP—namely, mistake/excusable neglect, newly discovered evidence, fraud, void judgment, or satisfaction of judgment. Fed. R. Civ. P. 60(b)(1)-(5). The motion fails to provide "highly convincing" evidence to justify relief under Rule 60(b), as required in the Second Circuit. *See Ballone*, 2015 Bankr. LEXIS 372, at *7 (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Additionally, the motion does not set forth facts demonstrating exceptional or extraordinary circumstances sufficient to support vacatur of the Court's final order under the catch-all provision of Rule 60(b)(6) FRCP. *See Ballone*, 2015 Bankr. LEXIS 372, at *7-8; *Trine*, 2015 Bankr. LEXIS 154, at *6-8. Golden-Collier merely offers to bring plan payments current. The Court finds that Golden-Collier has not demonstrated a basis under Rule 60(b)(1) through (5) or Rule 60(b)(6) FRCP to justify vacatur of the Court's order of dismissal. The Court declines to exercise its discretion and will leave undisturbed its order of dismissal.

Accordingly, the motion to vacate the Court's final order of dismissal, pursuant to Rule 60(b) FRCP and Rule 9024 FRBP, is **DENIED**.

IT IS SO ORDERED.


Dated: February 12, 2015                 _____/s/_____
    Rochester, New York                HON. PAUL R. WARREN
                                                UNITED STATES BANKRUPTCY JUDGE